# STATE OF OREGON,
*Respondent,*

*v.*

# FRED E. MITTELSTADT,
*Appellant.*

(CR5-0460-16; CA A38911)

728 P2d 93

William Uhle, Portland, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Richardson and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

■ Defendant appeals his sentence for DUII, contending that the trial court should not have suspended his driver's license for one year, because his license had previously been suspended by the Motor Vehicles Division (MVD) for 90 days.[1] He asks us to remand the case for resentencing to delete the court-imposed suspension. We affirm.

The facts are not disputed. Defendant was arrested for driving under the influence of intoxicants on July 2, 1985. He was given a breath test that showed a .16 percent blood alcohol level. MVD suspended his license for 90 days pursuant to *former* ORS 482.541[2] and *former* ORS 487.805(3)[3] on the ground that his blood alcohol level was above .08 percent. On January 23, 1986, he went to trial on that offense and was convicted of DUII by a jury; in addition to other penalties, the court suspended his driver's license for one year under *former* ORS 484.415.[4]

There are three statutes that provide for license suspensions by either MVD or the court. Suspensions imposed by MVD are mandatory.[5] Under *former* ORS 482.430(4),[6] it must suspend a license if a defendant is convicted of DUII. *Former* ORS 482.430(4) provided:

"Upon receiving a record of the conviction of a person for driving while under the influence of intoxicants, the division shall:

---

[1] We approach this appeal on defendant's assertion that the trial court cannot impose a suspension in a case when MVD already has. A portion of defendant's argument is devoted to his reliance on the doctrines of *res judicata* and collateral estoppel. Neither doctrine has any applicability to this case. There has been no adjudication by MVD on which these doctrines could be based. MVD's action was purely ministerial.

[2] *Repealed by* Or Laws 1985, ch 16, § 475; Or Laws 1985, ch 672, § 1; *replaced by* ORS 813.410.

[3] *Repealed by* Or Laws 1983, ch 338, § 978, Or Laws 1985, ch 672, § 7; *replaced by* ORS 813.100(3).

[4] *Repealed by* Or Laws 1983, ch 338, § 978; *replaced by* ORS 809.200.

[5] MVD also has discretion to suspend or revoke licenses in certain cases. *See former* ORS 482.450; *repealed by* Or Laws 1983, ch 338, § 978; *replaced by* ORS 809.410.

[6] *Repealed by* Or Laws 1983, ch 338, § 978; *replaced by* ORS 813.400.

"(a)   For first conviction within a five-year period, suspend a person's license or permit or right to apply to operate motor vehicles for one year.

"(b)   For second or subsequent conviction within a five-year period of a previous conviction, suspend a person's license or permit or right to apply to operate motor vehicles for three years."

MVD is also required to suspend a license under the Implied Consent Law if a person refuses to submit to a breath test or if he takes the test and the results show a blood alcohol content of .08 percent or higher.

*Former* ORS 487.805(3) provided:

"If a person refuses to take a test under this section or if the test under this section discloses that the person, at the time of the test, had a level of alcohol in the person's blood that constitutes being under the influence of intoxicating liquor under ORS 487.545, the person's driving privileges are subject to suspension under ORS 482.541 * * *."

*Former* ORS 482.541(1) provided:

"If the division receives a sworn report from a police officer under ORS 487.805, the division shall suspend the driving privileges of the person in this state on the 30th day after the date of arrest * * *."

In addition to the MVD suspensions, the court had the authority to order license suspension of any defendant who is convicted of a traffic offense. Unlike the provisions that govern suspensions by MVD, *former* ORS 484.415(2) did not require that the court suspend licenses; instead it had the discretion to suspend. That statute provided, in part:

"If a defendant is convicted of a traffic offense, in addition to any fine or imprisonment authorized by law, including probation and suspension of imposition or execution of any sentence upon conditions ordered by the court, the judge may also:

"(a)   Order the defendant's driver's license, permit or right to apply to be suspended until the defendant successfully completes a defensive driving or other appropriate driver improvement course conducted by the Motor Vehicles Division, or other rehabilitative program;

"(b)   Order the defendant's driver's license, permit or right to apply to be suspended for not more than one year or

for more than one year if the mandatory period of suspension is more than one year and the offense is a traffic crime or a Class A traffic infraction * * *."

It is evident that the statutes contemplate that both MVD and a court may suspend a license for the same incident involving DUII.

■     There is nothing to prohibit separate suspensions when one of them is court ordered under *former* ORS 484.415 and the other is imposed by MVD under the Implied Consent Law.

Affirmed.